UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| In re: | Case No.: 3:09-bk-04186-PMG |
| LARS H. LANGLO, and MARION L. LANGLO | Chapter 11 |
| Debtors. | |

ORDER CONFIRMING DEBTOR'S PLAN OF REORGANIZATION
DATED AUGUST 8, 2011

This case was before the Court on October 17, 2011 for the Confirmation Hearing on the Debtors' Chapter 11 Plan dated August 8, 2011 [Docket No. 60], as modified at the Confirmation Hearing. The Plan under Chapter 11 of the Bankruptcy Code dated June 20, 2011 was transmitted to creditors and parties-in-interest; and

It having been determined after hearing on notice that the requirements for Confirmation set forth in 11 U.S.C. §1129(a) have been satisfied, and that the creditors identified in Classes 1, 3, and 5 are unimpaired and that the creditors in Classes 2 and 4 voted to accept the Plan; it is

**ORDERED:**

1. The Debtor's Plan of Reorganization dated August 8, 2011, as modified in open court on October 17, 2011, is confirmed. A copy of the confirmed Plan is attached as "Exhibit "A". As stated in paragraph 7.02 of the Plan, the Plan's effective date is the date of entry of this order. SunTrust Bank is authorized to book immediately the renewal loan called for in the Plan.

2. The Debtor shall timely pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) within ten (10) days of the entry of this

1

order for pre-confirmation periods and simultaneously file with the Court the appropriate financial report indicating the cash disbursements for the relevant period.

3. After confirmation, the Debtor shall continue to pay fees assessed pursuant to 28 U.S.C. Section 1930(a)(6) until such time as this Bankruptcy Court enters a final decree closing this Chapter 11 case, or enters an order either converting this case to a case under Chapter 7 or dismissing this case pursuant to 11 U.S.C. § 1106(a)(7) and Bankruptcy Rule 2015(a)(5).

4. The Debtor shall file with the Bankruptcy Court a financial report or statement of disbursements for each quarter (or portion thereof) that this Chapter 11 case remains open, in a format prescribed by the United States Trustee.

5. Within ten (10) days from the date of the entry of this Order, the Debtor-In-Possession shall transmit a copy of this Order and a copy of Plan of Reorganization to all creditors and parties in interest.

ORDERED this 28 day of October, 2011, at Jacksonville, Florida.

PAUL M. GLENN
United States Bankruptcy Judge

Copies to:

Debtors Lars and Marion Langlo
Robert D. Wilcox, Esq., Attorney for the Debtors
Miriam G. Suarez, Trial Attorney, Office of the United States Trustee
Michael A. Nardella, Esq. Attorney for SunTrust Bank
All Creditors and Interested Parties

2

EXHIBITS WILL BE DESTROYED
UNLESS REMOVED PURSUANT TO
LOCAL RULE 9070-1(A)

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  
LARS E. LANGLO  
and  
MARION L. LANGLO  
       Debtors.

Case No.: 3:10-bk-04186-PMG

Chapter 11

**DEBTORS' AMENDED PLAN OF REORGANIZATION**

ARTICLE I
SUMMARY

This Amended Plan of Reorganization (the "Plan") under Chapter 11 of the Bankruptcy Code (the "Code") and proposes to pay creditors of Lars Langlo and Marion Langlo (the "Debtors") according to the priorities provided for various types of claims under the Code.

This Plan provides for two classes of secured claims, one class of priority claims, and two classes of non-priority unsecured claims, with one of those a convenience class. Unsecured creditors holding allowed claims shall receive, on a pro rata basis, annual distributions on the anniversaries of the Effective Date, and again at month 60, based upon the Debtor's contributions of $125.00 per month in months 15 through 60. As a convenience class, holders of general unsecured claims less than $100.00 class shall receive the lesser of (a) the full value of the allowed claim, or (b) a payment of $50.00, in the form of a distribution in month 36. This Plan also provides for the payment of administrative and priority claims.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.

ARTICLE II
CLASSIFICATION OF CLAIMS AND INTERESTS

Class 1.    The claim of SunTrust Bank, N.A. to the extent allowed as a secured claim under Section 506 of the Code and secured by a lien on the Debtors' residence in Hernando, Florida.

Class 2.    The claim of SunTrust Bank, N.A. to the extent allowed as a secured claim under Section 506 of the Code and secured by a lien on the Debtors' fee simple ownership interest in the real property and improvements located at 7715 W. Gulf to Lake Hwy., Crystal River, Florida.

Class 3.    The claim of the Department of Treasury of the United States of America, to the extent entitled to priority under Section 507 of the Code.

Class 4.    All unsecured claims over $100.00 to the allowed under § 502 of the Code.

Class 5.    All unsecured claims under $100.00 allowed under § 502 of the Code.

ARTICLE III
TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,
U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

3.01 <u>Unclassified Claims</u>. Under section §1123(a)(1), administrative expenses claims, and priority tax claims are not in classes.

3.02 <u>Administrative Expense Claims</u>. Each holder of an administrative expense claim allowed under § 503 of the will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03 <u>Priority Tax Claims</u>. Each holder of a priority tax claim will be paid in regular installments in cash of a total value equal to the amount of such claim over the period ending not later than five years after the Petition Date, or the length of the Plan, whichever is less.

3.04 <u>United States Trustee Fees</u>. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

ARTICLE IV
TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – SunTrust Bank | Unimpaired- by October 17, 2011 Court Ruling | Class 1 is impaired by this Plan, as all arrearages shall be cured during the term of the Plan. Class 1 claims shall otherwise be paid according to the original contract terms or as modified by agreement of the parties. |
| Class 2 – SunTrust Bank | Impaired | Class 2 is impaired by this Plan. Class 2 relates to a loan made by SunTrust to the Debtors (the "Loan") and consists of the Allowed Secured Claim of SunTrust related to that certain Commercial Note dated October 10, 2008 in the original principal amount of $1,250,000.00 (the "Note"). The total Allowed Class 2 Secured Claim is estimated in the amount of $1,179,914.64, which is subject to further reduction pending additional pre-confirmation adequate protection payments, and is secured by the existing, valid first Mortgage and Security Agreement dated October 10, 2008, on improved real estate comprising the Bowling Center along with other collateral (the "Mortgage"), as well as that certain Assignment of Rents and Leases dated October 10, 2008 (the "Assignment"), all governed by that certain Loan Agreement dated October 10, 2008 (the "Loan Agreement," and |

| | | |
|---|---|---|
| | | together with the Note, the Mortgage, and the Assignment, the "Loan Documents").

In full satisfaction of SunTrust's Allowed Class 2 Secured Claim, SunTrust shall retain its liens, and the Loan Documents, including without limitation all terms and covenants in the Loan Documents, shall remain in full force and effect, except as expressly described by the terms of this Plan and as amended pursuant to documents required by this Plan. After confirmation, SunTrust may record or otherwise perfect any amendments or modifications to the Loan Documents or additional security documents. The Debtors and SunTrust will execute such documents as are reasonably required for the restructuring, amendment, or perfection of the Loan, including the following:

First, the Debtor shall execute a renewal promissory note to replace the existing Note (the "Renewal Note"). The Renewal Note shall amortize the Allowed Class 2 Secured Claim of SunTrust over a fifteen (15) year period, with a new loan term of five (5) years, at the end of which the Loan shall mature and the balance shall be immediately due and payable in full. Additionally, the Renewal Note shall earn interest at a rate equal to five percent (5%) per annum, except that in the event of a default the applicable interest rate shall be governed by the terms of the Loan Documents, as amended.

Second, the Debtor shall execute an amendment and modification to the Mortgage, to the Assignment, and to the Loan Agreement, reflecting the modifications to the treatment of the Allowed Class 2 Secured Claim of SunTrust in the Renewal Note and this Plan.

On the tenth (10th) day of the month following the Effective Date, and each successive month, the Debtors shall make payments to SunTrust on the Renewal Note, with a seven (7) day grace period. Failure to make the appropriate monthly payments on the Renewal Note will constitute a default by the Debtors under the Loan Documents, and SunTrust shall be entitled to all remedies under the law and the Loan Documents.

Furthermore, Debtors' subsidiary, Manatee Lanes, |

| | | |
|---|---|---|
| | | Inc. ("Manatee"), executed that certain Guaranty Agreement dated October 10, 2008, guaranteeing payment of the Loan to SunTrust, and also executed other loan documents related to the transactions between SunTrust, the Debtors, and Manatee (together, the "Manatee Documents"). The Manatee Documents shall remain in full force and effect and Manatee shall reaffirm the Manatee Documents by executing a consent document, and any other reasonable documents requested by SunTrust either pre- or post-confirmation. |
| Class 3— U.S. Department of Treasury | Unimpaired- by October 17, 2011 Court Ruling | Class 3 is impaired by this Plan, and shall be paid the full amount of the allowed claim with interest at the applicable pending statutory IRS interest rate over the five year life of the Plan. |
| Class 4— General Unsecured Creditors- All Allowed Claims over $100.00 | Impaired | Class 4 is impaired by this Plan. Members of this class shall receive, on a pro rata basis, annual distributions based upon the Debtor's contributions of $125.00, per month in months 15 through 60. |
| Class 5— General Unsecured Creditors- All Allowed Claims under $100.00 | Unimpaired- by October 17, 2011 Court Ruling | Class 5 is impaired by this Plan. As a convenience class, members of this class shall receive the full value of the Allowed Claim plus interest of 3%, ten days after the Effective Date of the Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01 **Disputed Claim**. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.02 **Delay of Distribution on a Disputed Claim**. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03 **Settlement of Disputed Claims**. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01 **Assumed Executory Contracts and Unexpired Leases**.

(a) The Debtors assume the following executory contracts and/or unexpired

leases effective upon the effective date of this Plan as provided in Article VII:

> Lease with Manatee Lanes, Inc. for 7715 W. Gulf to Lake Hwy., Crystal River, Florida

(b)   The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 30 days after the date of the order confirming this Plan.

## ARTICLE VII
## GENERAL PROVISIONS

7.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.02   Effective Date of Plan. The effective date of this Plan is the date of the entry of the order of confirmation.

7.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04   Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06   Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE

8.01   Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in Section 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under Section 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE IX
## OTHER PROVISIONS

9.01   Except for claims of governmental units, any creditor's claim filed after the Bar Date set by the Court will receive no distribution under this plan unless specifically provided for above, unless debtor files the same on behalf of a creditor.

9.02   All creditors shall retain their liens to the extent permitted by 11 U.S.C. Section 506(d), except as the underlying debts are extinguished under this Plan.

9.03 (Omitted.)

9.04 Title to the Debtor's property shall revest in the Debtor upon confirmation of this Plan.

9.05 Except as provided for in the plan, the order confirming the plan or other court order, no interest, late charges, penalties or attorney's fee after the date of case filing will be paid to or assessed by any secured creditor.

9.06 Once Debtor successfully complete the Chapter 11 plan and a discharge is entered by the Court, no creditor shall be entitled to any late fees, attorney's fees, other costs or interest other than the interest contained in the payments provided for by the plan during this bankruptcy, including the life of this Plan, except as ordered by this Court, excluding existing student loan claims.

9.07 Debtor will keep the collateral that secures any debt paid under this Plan insured as provided for in the agreement between the Debtor and creditor.

9.08 Debtor will have 180 days after the claims bar date to file any Motions to Value or Objections to Claims that have been timely filed. Any Order Confirming or Modifying the Plan will not be res judicata as to any Motions or Objections to timely filed claims brought pursuant to this paragraph.

9.09 All distribution checks shall be sent to the address listed on a proof of claim for the respective creditor, or, if no proof of claim has been filed but the claim is an allowed claim, to the address listed in the Debtor's schedules. If a check is returned as undeliverable, the Debtor shall make reasonable efforts to locate the creditor. If, after such effort, a second distribution check is returned as undeliverable, the check shall be cancelled and the funds returned to the estate.

Dated: October 24, 2011

_____  _____
Lars Langlo, Plan Proponent               Marion Langlo, Plan Proponent

Respectfully submitted,

**/s/ *Robert Wilcox***
Robert D. Wilcox, Esquire
Florida Bar No. 755168
Brennan, Manna & Diamond, PL
800 W. Monroe Street
Jacksonville, FL 32202
Telephone: 904-366-1500
Fax : 904-366-1501
Email: rdwilcox@bmdpl.com

**Attorneys for Debtors**