UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE                                                                 Case No. 3:10-bk-04186-PMG

**LARS HERBERT LANGLO and**               Chapter 11
**MARION LIANE LANGLO,**

           Debtors,
_____/

### LIMITED OBJECTION TO REORGANIZED DEBTORS' MOTION FOR AUTHORITY TO GRANT EASEMENT IN REAL PROPERTY AT PRIVATE SALE (DKT. NO. 76)

SunTrust Bank ("SunTrust"), by and through its undersigned counsel and pursuant to 11 U.S.C. § 1112, hereby files this Limited Objection (the "Objection") to Debtors' Motion for Authority to Grant Easement in Real Property at Private Sale (the "Motion to Sell")(Dkt. No. 76). In support, SunTrust states as follows:

1. Pursuant to the confirmed Plan of Reorganization (the "Plan") (Dkt. No. 60), SunTrust has a first priority security interest in a certain real property owned by the Debtors and located in Citrus County, Florida, together with its rents and proceeds (the "Property").

2. In the Motion to Sell, Debtors request permission to sell to a third party a permanent easement on the Property in exchange for $7,000.00.

3. The Motion to Sell, however, did not include Exhibit A, which the Debtor only filed yesterday, January 27, 2014, as a Notice of Filing (Dkt. No. 79).

4. The Motion to Sell does not describe who will ultimately receive the $7,000.00.

5. The Motion to Sell does state, "upon information and belief," that SunTrust has consented to the relief requested in the Motion to Sell.

6.     SunTrust does consent to the granting of the easement, but only if all proceeds from the sale of the easement are used to pay down Debtors' obligations to SunTrust.  SunTrust did not and does not consent to the granting of the easement for compensation directly to the Debtors.

7.     Therefore, unless SunTrust is paid the proceeds of the sale of the easement, SunTrust objects to the impairment of its collateral.

8.     Judge Paskay, in *In re Mulberry Corp.*, 265 B.R. 468, 469 (Bankr. M.D. Fla. 2001) ruled on this exact issue.  In *Mulberry*, the Debtor sought to sell as easement without the consent of its first-priority secured creditor and without paying that creditor the proceeds, but instead using the proceeds to pay administrative expenses and insiders.  *Id.*  Judge Paskay rejected the argument that the sale was permissible under § 363(f)(5).  *Id.*  Instead, he ruled that full consent was necessary pursuant to § 363(f)(2).  *Id.*

9.     Judge Paskay further held that, even if the sale could be authorized under § 363(f)(5), "the proceeds of it would be cash collateral."  *Id.* at 470.

10.    He continued, stating that "[u]nder § 362(a) the Debtor is not authorized to use cash collateral unless it offers adequate protection to the parties whose cash collateral is being used consented."  *Id.*

11.    Because the debtor in *Mulberry* obviously could not provide adequate protection by means of periodic payments or additional liens, the only remaining "method of furnishing adequate protection [would be] to give the secured parties the indubitable equivalent of their interest."  *Id.* Because the debtor did not provide for payment of the proceeds to the secured creditor, even assuming *arguendo* that the sale was permissible under § 363(f), the sale motion would still be denied. *Id.*

12. In the instant case, the Debtors do not have SunTrust's consent, nor have they provided for adequate protection of SunTrust's interest in the Property.

WHEREFORE, SunTrust respectfully requests that this Court deny the Motion to Sell, or in the alternative, grant the Motion to Sell in part, but require all proceeds to be paid directly to SunTrust, and grant such other relief as is just and appropriate.

DATED: January 28, 2014.

Respectfully submitted,

/s/ Michael A. Nardella
Michael A. Nardella
Florida Bar No. 51265
Burr & Forman, LLP
450 S. Orange Avenue, Suite 200
Orlando, Florida 32801
Telephone: (407) 244-0888
Facsimile: (407) 244-0889
Email: mnardella@burr.com

**Attorneys for SunTrust Bank**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 28th day of January 2014, I served a true and correct copy of the foregoing document through the Court's CM/ECF system to all parties requesting such service, and by first class U.S. mail, postage prepaid, upon **Robert D. Wilcox, Esq.**, Wilcox Law Firm, 333-1 E. Monroe Street, Jacksonville, FL 32202; **Miriam G. Suarez, United States Trustee,** 135 W. Central Blvd., Suite 620, Orlando, FL 32801-2440; and all other parties participating in CM/ECF.

                                                /s/ Michael A. Nardella
                                                 Michael A. Nardella, Esq.